JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY BIOSCIENCE, LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BOOK SCOOP, LLC,<br><br>　　　　Defendant. | Case No.  2:22-cv-09248-JFW-KSx<br><br>**FINAL JUDGMENT** |

The Court, having considered the Motion for Entry of Default Judgment filed by Plaintiff Quincy Bioscience, LLC ("Quincy"), and for good cause appearing, hereby **ORDERS, ADJUDGES, AND DECREES** as follows:

1. This Court has personal jurisdiction over Quincy and Defendant Book Scoop LLC ("Defendant").

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(b) and (d).

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

4. Quincy is a corporation duly organized and existing under the laws of the State of Wisconsin, with an office and principal place of business in Wisconsin.

5. Defendant is a Colorado limited liability company.

6. Quincy owns all rights to U.S. Trademark Registration No. 3,349,755 for the PREVAGEN® mark, which is used in connection with "dietary supplements" in International Class 005 and United States Classes 006, 018, 044, 046, 051, and 052. The PREVAGEN® mark was registered on December 4, 2007, is in full force and effect, and is incontestable pursuant to 15 U.S.C. § 1065.

7. Defendant has offered to sell, has sold, and has delivered within the United States dietary supplements identified as Quincy's PREVAGEN® Extra Strength products consisting of counterfeit material not manufactured by Quincy or authorized by Quincy and not containing genuine PREVAGEN® dietary supplements, in counterfeit box packaging bearing the PREVAGEN® mark without any authorization by or from Quincy.

8. Defendant is not now, nor has it ever been, associated with, affiliated with, connected with, licensed, endorsed, or sanctioned by Quincy.

9. Defendant's acts as described herein were deliberately calculated to confuse and deceive the public and were performed with full knowledge of Quincy's trademark rights.

10. Defendant's use of the PREVAGEN® marks as described herein creates the erroneous impression that Defendant's counterfeit products emanate or originate from

Quincy, and/or that Defendant's products are authorized, sponsored, approved, manufactured, or distributed by Quincy, even though they are not.

11. Defendant's unauthorized use of the PREVAGEN® mark constitutes (i) trademark counterfeiting under 15 U.S.C. § 1114(1)(a), (ii) trademark infringement under 15 U.S.C. § 1114, (iii) false designation of origin and unfair competition under 15 U.S.C. § 1125, (iv) false advertising under 15 U.S.C. § 1125(a)(1)(B), and (v) unfair competition under California common law.

12. Defendant's acts as described herein were willful and deliberate, and this is an exceptional case under 15 U.S.C. § 1117.

13. Defendant's actions have caused, and unless enjoined by this Court will continue to cause, serious and irreparable injury to Quincy, for which Quincy has no adequate remedy at law.

**NOW, THEREFORE, IT IS FURTHERED, ADJUDGED, AND DECREED AS FOLLOWS:**

A. Final Judgment is entered in favor of Quincy and against Defendant on Quincy's claims for: (i) trademark counterfeiting under 15 U.S.C. § 1114(1)(a), (ii) trademark infringement under 15 U.S.C. § 1114, (iii) false designation of origin and unfair competition under 15 U.S.C. § 1125, (iv) false advertising under 15 U.S.C. § 1125(a)(1)(B), and (v) unfair competition under California common law.

B. Defendant, its officers, agents, servants, employees, successors, successors in interest, and attorneys, and all other persons who are in active concert or participation with them, who receive actual notice of this injunction by personal service or otherwise, are permanently enjoined and restrained from:

    a. Using the PREVAGEN® mark, or any reproduction, counterfeit, copy, or colorable imitation of the PREVAGEN® mark;

    b. Using any mark or symbol that may be calculated to represent, or which has the effect of representing, that Defendant's service or products are sponsored by, authorized by, or in any way associated with Quincy;

  c. Falsely representing that Defendant is associated with or sponsored by Quincy or engaging in any act which is likely to cause the trade or purchasing public to believe that Defendant is in any way associated with or sponsored by Quincy;

  d. Selling, marketing, distributing, or offering to sell, market, or distribute, within the United States or into or from the United States, any counterfeit dietary supplements using in any way the PREVAGEN® mark;

C. Quincy is awarded statutory damages against Defendant under 15 U.S.C. § 1117(c) in the sum of $30,000, said amount to be paid by Defendant to Quincy.

D. Quincy is awarded attorneys' fees and costs against Defendant in the amount of $44,052.50, to be paid by Defendant to Quincy.

**IT IS SO ORDERED.**

Dated: May 2, 2023

By: _____
The Honorable John F. Walter
United States District Judge